UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CAROLINE REIDHEAD,<br>    Plaintiff,<br><br>vs.<br><br>THUNDERBIRD COLLECTION SPECIALISTS, INC.; and<br>DOES 1 to 10, inclusive,<br>    Defendant. | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Caroline Reidhead (hereinafter "Caroline"), an individual consumer, against defendant Thunderbird Collection Specialists, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff, Caroline Reidhead is a consumer, a natural person allegedly obligated to pay any debt, residing in Navajo County, in the state of Arizona.

4. Defendant, Thunderbird Collection Specialists, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Maricopa County at 3200 North Hayden Road, Suite 100, Scottsdale, Arizona 85251.

The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Caroline, displaying the intent to harass her by calling her after she had told it that calls inconvenienced her, and seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Caroline and placing collection calls to Caroline sometime prior to 2012.

9. Upon information and belief, within one year from the filing of this complaint, Defendant called Caroline, and threatened to sue her and garnish her wages itself, when upon information and belief, Defendant cannot itself garnish her wages or take her to court. Furthermore, it is not her alleged debt, but allegedly her husband's, and thus she would not even be personally responsible for it. Caroline was threatened by an agent of Defendant's who identified herself as 'Monet Green'.

10. Defendant utilized unfair and unconscionable means to collect on Caroline's alleged debt, by lying to and/or misleading Caroline as mentioned above; by calling her at work after having reason to know such calls inconvenienced her; and by alerting third parties to her alleged debt.

11. Defendant has continued to call Caroline while she works even after Caroline has told Defendant that such calls inconvenience her.

12. Defendant faxed information in regards to Caroline's alleged debt to her work place during work hours, which alerted her co-worker(s) to her alleged debt.

13. Defendant, during communications with Caroline, within one year form the filing of this complaint, did not state that Defendant was a debt collector, attempting to communicate a debt, and that any information would be used for that purpose.

14. As a result of the acts alleged above, Caroline suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

15. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Caroline.

### *V. CLAIM FOR RELIEF*

16. Caroline repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and
>
> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and
>
> (e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and
>
> (f) Defendant violated *§1692c(b)* of the FDCPA by alerting third parties to Plaintiff's alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and
>
> (g) Defendant violated *§1692ca(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Caroline to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Caroline Reidhead for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Caroline Reidhead respectfully requests that judgment be entered against defendant Thunderbird Collection Specialists, Inc. for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.
B. Statutory damages pursuant to 15 U.S.C. § 1692k.
C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.
D. For such other and further relief as the Court may deem just and proper.

DATED: March 26, 2012

RESPECTFULLY SUBMITTED,
By: /s/ David A. Chami
David Ali Chami (SBN 027585)
PRICE LAW GROUP, APC
5420 S. Lakeshore Drive, Suite 102
Tempe, AZ 85283
Phone: (866) 881-2133
Fax: (866) 401-1457
Email: david@pricelawgroup.com

*DEMAND FOR JURY TRIAL*
Please take notice that plaintiff Caroline Reidhead demands trial by jury in this action.